IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv566
[Bankruptcy Petition: 09-30793]

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SCOTT LUBIN and ANGELA LUBIN, ) | |
| Debtors. ) | ORDER OF |
| ) | COMMITMENT |
| _____ ) | |

**THIS MATTER** is before the court on "Certification of the Bankruptcy Judge of Contempt and Order Recommending Withdrawal of Reference" in <u>In re: Scott Lubin and Angela Lubin</u>, 09-30793 (Bkrtcy. W.D.N.C.).

Review of the certification issued by Honorable J. Craig Whitley, United States Bankruptcy Judge, reveals that

(1) debtors were ordered on December 17, 2009, to turn over the non-exempt portion of their 2008 federal and state tax refunds, an order with which debtors failed to comply;

(2) on March 4, 2010, debtors were ordered to appear at a Rule 2004 Examination to be held on March 23, 2010, at the Trustee's office. The debtors contacted the Trustee and indicated that they would not be able to attend the March 23, 2010, Rule 2004 Examination. The Trustee made efforts to reschedule the Rule 2004 Examination to a more convenient time for the debtors; however, the debtors were uncooperative in scheduling an alternate date for the Rule 2004 Examination;

(3) the bankruptcy court entered an Order on April 21, 2010, setting a date for the Rule 2004 Examination for May 17, 2010, at which the debtors again failed to appear;

(4) on October 1, 2010, the debtors were held in civil contempt of the bankruptcy court's Orders entered on December 17, 2009, March 4, 2010, and April 21, 2010. The Order of October 1, 2010, gave the debtors fifteen (15) days to comply with the Orders to purge their contempt;

(5) on October 28, 2010, the court held a properly noticed Compliance Hearing on the Trustee's "Motion for Order Directing the United States Marshall to Bring the Debtors Scott Lubin and Angela Lubin Before the Court Pursuant to Bankruptcy Rule 2005." Stephanie E. Richmond appeared on behalf of the Trustee, while the debtors did not appear;

(6) on November 8, 2010, Judge Whitley entered his Certification of Contempt. By that date debtors had failed to comply with any of the court's orders.

First, the Court of Appeals has made it clear that the bankruptcy court has the authority to find civil contempt:

> a court of bankruptcy has authority to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code. We are of opinion that the order holding Burd in civil contempt was appropriate in carrying out the provisions of that code.

In re Walters, 868 F.2d 665, 669 (4th Cir. 1989). The appellate court went on to

hold that

> we are of opinion the delegation of civil contempt power to the bankruptcy courts by 11 U.S.C. § 105(a) does not offend the Constitution as in violation of separation of powers.

Id., at 670.

Debtors have not only failed to comply with the underlying orders resulting in the finding of contempt, they have not in any manner appealed or sought review of Judge Whitley's October 1, 2010, Order finding them in civil contempt within the 14 days allowed under Rule 8002, Fed.R.Br.P. Matter of Schultz, 1995 WL 128318, *1 (7th Cir. 1995)("failure to timely appeal deprived the district court of its jurisdiction to review the bankruptcy court's judgment"). Even if the court had the authority to review such finding, de novo review of the facts certified by Judge Whitley establishes by clear and convincing evidence that debtors are in civil contempt.

The Court of Appeals for the Fourth Circuit has held that to establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result.

JTH Tax, Inc. v. H & R Block Eastern Tax Services, Inc., 359 F .3d 699, 705 (4th Cir.2004). See In re Head, 2010 WL 2622960, *2 (Bkrtcy. E.D.Va. June 24,

2010).[1]  Indeed, there is clear and convincing evidence that these debtors had actual knowledge that an Order had issued directing the United States Marshal to bring the debtors before the court.  See 09-30793, at (#46 & #47).

Based on such finding of civil contempt by Judge Whitley, defendants are in fact in civil contempt of the Orders of the bankruptcy court.  The court will in accordance with 28, United States Code, Section 157(d) withdraw the reference of debtors' contempt of the bankruptcy court's Orders entered on December 17, 2009, March 4, 2010, April 21, 2010, and October 1, 2010, but not the Debtors' entire bankruptcy case, for the purpose of enforcement of the Order of civil contempt.

Inasmuch as debtors have already failed to appear after having been ordered to do so, and it further appearing that they failed to appear even after an Order was entered directing the United States Marshal to bring them before the court, it appears that the bankruptcy court has exhausted all avenues short of incarceration to gain debtors' compliance.

The court will now enter an Order of Commitment, the sole purpose of which is to gain debtors' compliance with the bankruptcy court's underlying orders.  Such Order is specifically entered not as punishment for the prior failure to obey lawful orders, but is intended to be a coercive commitment for enforcement purposes.  The debtors will, however, be left to avoid arrest by complying with

---

[1]  Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Judge Whitley's Order. Penfield Co. v. Securities & Exchange Commission, 330 U.S. 585, 590 (1947(citation and corresponding quotation marks omitted). Execution of the Order of Commitment will be held in abeyance for 30 days during which time debtors may purge themselves of contempt by turning over the non-exempt portion of their 2008 federal and state tax refunds to the Trustee. If the court has not received from the Trustee a certification that such task has been satisfactorily accomplished at the conclusion of such time, the Order of Commitment will issue and debtors will be taken into custody by the United States Marshal until the contempt is purged or until further Order of the court.

* * *

Inasmuch as they are proceeding *pro se*, debtors are advised that unless the contempt is purged, the next time they are visited by a United States Marshal, they will be arrested, which means that they will placed in handcuffs and leg irons, and transported to a jail facility, where they will reside until the contempt is purged or until further Order of this court. They are strongly encouraged to seek the assistance of counsel as this matter has progressed to a critical point.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the Certification of the Bankruptcy Judge of Contempt and Order Recommending Withdrawal of Reference (#1) is **ACCEPTED**, and in accordance with 28, United States Code, Section 157(d), the court

**WITHDRAWS** the reference of debtors' contempt of the bankruptcy court's Orders entered on December 17, 2009, March 4, 2010, April 21, 2010, and October 1, 2010, but not the Debtors' entire bankruptcy case, for the purpose of enforcement of the Order of civil contempt;

(2) debtors **SCOTT LUBIN** and **ANGELA LUBIN** are committed to the custody of the United States Marshal, who is respectfully directed to **ARREST** and take such debtors into custody and transport them to a suitable jail facility until they purge themselves of civil contempt or until further Order of this court, subject however to the following provision;

(3) such Order of commitment and arrest is **STAYED** for 30 days, and the United States Marshal is respectfully instructed to hold in abeyance enforcement of the Order of commitment during such period and until further Ordered to do so by the court, during which time debtors may purge themselves of contempt by paying over to the Trustee in bankruptcy the amount previously directed; and

(4) at the expiration of such period, the Trustee is directed to certify to this court whether debtors **SCOTT LUBIN** and **ANGELA LUBIN** have purged themselves of contempt within the time provided.

The **UNITED STATES MARSHAL** is hereby directed to personally serve

debtors with a copy of this Order as provided by Rule 4.1(b), Federal Rules of Civil Procedure. The Marshal is advised that the last known addresses for such debtors are:

>Scott Robert Lubin
>8128 Acacia Court
>Waxhaw, NC 28173

>Angela Rose Lubin
>8128 Acacia Court
>Waxhaw, NC 28173

The **CLERK OF THIS COURT** is respectfully instructed to send copies of this Order to the Clerk of the Bankruptcy Court for the Western District of North Carolina, Judge Whitley, and Honorable John W. Taylor, Bankruptcy Trustee.

Signed: March 18, 2011

Max O. Cogburn Jr.
United States District Judge